UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CECILIA SEYMOUR, | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 6174 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| VILLAGE OF GLENVIEW and ALVIN LOPEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>Memorandum Opinion and Order</u>**

Cecilia Seymour sues the Village of Glenview and Glenview police officer Alvin Lopez, alleging 42 U.S.C. § 1983 and state law claims arising from an Illinois Department of Children and Family Services ("DCFS") investigation that Seymour contends Lopez triggered by falsely reporting that she had endangered her child. Doc. 1. The Village moves under Civil Rule 12(b)(1) to dismiss the claim against it for lack of subject matter jurisdiction, Doc. 12, and Lopez moves under Civil Rule 12(b)(6) to dismiss the claims against him, Doc. 13. The Village's motion is denied, Lopez's motion is granted as to the § 1983 claims, which are brought only against him, and the court exercises its discretion under 28 U.S.C. § 1367(c)(3) to relinquish its supplemental jurisdiction over the state law claims. Seymour will be given an opportunity to file an amended complaint that repleads all her claims.

**Background**

In resolving a Rule 12(b)(1) motion asserting a facial challenge to subject matter jurisdiction, as in resolving a Rule 12(b)(6) motion, the court assumes the truth of the complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016) (Rule 12(b)(6)); *Apex Dig., Inc. v.*

1

*Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009) (Rule 12(b)(1)). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Seymour's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013) (internal quotation marks omitted). The court recites the facts as favorably to Seymour as those materials allow. *See Domanus v. Locke Lord LLP*, 847 F.3d 469, 478-79 (7th Cir. 2017). In setting forth the facts at this stage, the court does not vouch for their accuracy. *See Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 291 (7th Cir. 2018).

On October 20, 2017, Seymour's husband Tom was involved in a minor traffic accident while Seymour was in the front passenger seat and her minor daughter was in the back seat. Doc. 1 at ¶¶ 9-10. The other driver, Richard Hale, reported the accident to the police, but the police did not come to the scene to take a report. *Id*. at ¶ 11. After exchanging contact and insurance information with Hale, the Seymours drove home. *Id*. at ¶¶ 12, 16. About an hour later, Officer Lopez spoke with Hale and prepared a traffic crash report, which indicated that Tom was driving. *Id*. at ¶¶ 13-15.

A week after the accident, Lopez interviewed Seymour and her family. *Id*. at ¶¶ 16-17. According to Seymour, Lopez then filed a report with DCFS falsely stating that Seymour may have been driving while intoxicated with her child in the car. *Id*. at ¶ 17. Lopez knew that the report would trigger an investigation. *Id*. at ¶ 18. Seymour alleges that Lopez "knowingly created false evidence" "for no other reason than to upset" her. *Id*. at ¶¶ 27, 34.

On October 27, 2017, DCFS sent Seymour a letter informing her that it was conducting an investigation due to Lopez's report. *Id*. at ¶ 19. DCFS interviewed Seymour and her daughter

"[i]mmediately after receiving the report." *Id*. at ¶ 20.  DCFS concluded its investigation on November 28, 2017, finding no good faith indication of abuse or neglect.  *Id*. at ¶ 25.

Seymour is engaged in a custody dispute with her ex-husband and fears that she will lose custody of her children because of DCFS's investigation.  *Id*. at ¶¶ 21-22, 24.  She has suffered severe weight loss due to this fear.  *Id*. at ¶ 23.

## Discussion

The complaint purports to bring against Lopez Fourteenth Amendment substantive due process and Fourth Amendment malicious prosecution claims under § 1983, as well as a state law malicious prosecution claim.  *Id*. at ¶¶ 26-36.  The complaint brings a state law indemnification claim against the Village.  *Id*. at ¶¶ 37-40.

**I.  Subject Matter Jurisdiction over Seymour's Claim Against the Village**

The Village moves under Rule 12(b)(1) to dismiss Seymour's indemnification claim for lack of subject matter jurisdiction, arguing that (1) the claim is premised on a *respondeat superior* theory and "a federal court lacks subject matter jurisdiction against a municipality under that principle of state common law"; and (2) the indemnification statute Seymour invokes, 745 ILCS 10/9-102, "does not create any substantive liability" and thus does not confer federal jurisdiction.  Doc. 12 at ¶¶ 3-4, 6.  Neither argument has merit.

First, because the court has jurisdiction over Seymour's federal claims under 28 U.S.C. § 1331, it also has supplemental jurisdiction under 28 U.S.C. § 1367(a) "over all other claims that are so related to [the federal claims] that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  Seymour's indemnification claim seeks to hold the Village liable for the conduct underlying her federal claims, and thus is part of the same case or controversy as those claims.  *See Bailey v. City of Chicago*, 779 F.3d 689, 696 (7th Cir. 2015) (holding that the district court properly exercised supplemental jurisdiction over state law claims that were "based on the

3

same set of facts as [the plaintiff's] federal claim"). Second, the Village's argument that 745 ILCS 10/9-102 does not create substantive liability is a merits argument, not a jurisdictional argument. *See Wilson v. City of Chicago*, 120 F.3d 681, 684 (7th Cir. 1997) (holding that a similar argument "would not affect the district court's jurisdiction over [the plaintiff's indemnification] claim … ; it would just show that the claim lacked merit"). The Village's Rule 12(b)(1) motion therefore is denied.

The Village mentions Rule 12(b)(6) in passing, Doc. 12 at p. 1; Doc. 30 at 1-3, but it does not make any argument that Seymour fails to state an indemnification claim, thus forfeiting the issue. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court."); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court.").

## II.     Merits

### A.     Substantive Due Process Claim Against Lopez

Seymour alleges that Lopez violated her substantive due process rights because his actions shock the conscience and "create[d] a danger to [Seymour] of losing her children." Doc. 1 at ¶¶ 26-29. Lopez seeks dismissal, arguing that his alleged conduct does not meet the "shock the conscience" standard as a matter of law and did not result in a deprivation of Seymour's parental rights. Doc. 14 at 3-4.

Substantive due process protects individuals from "abuse[s] of government power which 'shock[] the conscience.'" *Tun v. Whitticker*, 398 F.3d 899, 902 (7th Cir. 2005) (quoting *Rochin v. California*, 342 U.S. 165, 172 (1952)). The "shock the conscience" standard is difficult to meet, as "every official abuse of power, even if unreasonable, unjustified, or outrageous, does not rise to the level of a federal constitutional deprivation." *Kernats v.*

4

*O'Sullivan*, 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Geinosky v. City of Chicago*, 675 F.3d 743, 750 (7th Cir. 2012) (noting that it is not necessarily sufficient under the "shock the conscience" standard for the conduct to be "abhorrent"). "'[O]nly the most egregious official conduct' can be said to violate this standard." *Catinella v. Cnty. of Cook*, 881 F.3d 514, 519 (7th Cir. 2018) (alteration in original) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).

Lopez's alleged conduct does not shock the conscience. Filing a single false report that triggers a DCFS investigation that concludes about a month later with a finding that there was "no good faith indication of abuse or neglect," Doc. 1 at ¶¶ 17, 19, 25, falls far short of the sort of abuses that "shock[] the conscience in the sense required in due process cases." *Geinosky*, 675 F.3d at 750 (internal quotation marks omitted) (holding that issuing twenty-four bogus parking tickets to the plaintiff over a fourteen-month period did not shock the conscience); *Palka v. Shelton*, 623 F.3d 447, 454 (7th Cir. 2010) (holding that the defendant police officers' conduct did not shock the conscience where they violated internal rules by tracing a phone call, misusing a police database, and "travel[ing] outside their jurisdiction to track [the plaintiff] down at his house at night"); *Tun*, 398 F.3d at 902-03 ("Cases abound in which the government action—though thoroughly disapproved of—was found not to shock the conscience.").

Substantive due process also protects a person's interest in the "care, custody, and control of [her] children." *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (plurality opinion). Officials can violate substantive due process when they unjustifiably separate parents from their children, *see Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1018-19 (7th Cir. 2000), or when they "threaten[] parents with removing their children from their custody" despite having no legal authority to do so, *Hernandez ex rel. Hernandez v. Foster*, 657 F.3d 463, 482 (7th Cir. 2011). Seymour

5

forfeited her parental rights theory by failing to defend it in her opposition brief, which argues only that Lopez's alleged conduct shocked the conscience. Doc. 27 at 2-3; *see Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013) ("Because [the plaintiffs] did not provide the district court with any basis to decide their claims, and did not respond to the [defendant's] arguments, these claims are waived."); *Alioto*, 651 F.3d at 721 ("We apply [the forfeiture] rule … where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss. … Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.") (internal quotation marks omitted).

Even setting aside forfeiture, Seymour fails to state a substantive due process claim under a parental rights theory because she alleges only a fear that her children would be removed from her care, not that Lopez or DCFS in fact separated her from her children, threatened to do so, or otherwise restricted her parental rights. Doc. 1 at ¶¶ 21-25, 28. This does not rise to the level of a deprivation of her substantive due process rights. *See Milwaukee Police Ass'n v. City of Milwaukee*, 856 F.3d 480, 482 (7th Cir. 2017) (holding that a substantive due process violation requires a deprivation of "certain fundamental rights and liberty interests"); *Hughes v. Jones*, 40 F. Supp. 3d 969, 987 (N.D. Ill. 2014) ("Hughes does not allege that her child was removed from her care or that the government altered her custody or ability to make decisions concerning her child's care in any way … , nor does she explain in any detail the manner in which she claims her rights as a parent were infringed. The allegations in the complaint are therefore insufficient to suggest that her fundamental rights as a parent were impeded in this case.") (citation omitted). Accordingly, Seymour's substantive due process claim is dismissed.

### B. Fourth Amendment Malicious Prosecution Claim Against Lopez

Seymour also brings a "Fourth Amendment malicious prosecution" claim, alleging that Lopez "had [her] prosecuted by DCFS without probable cause and solely in order to upset" her. Doc. 1 at ¶¶ 30-32. In her opposition brief, Seymour defends this claim solely on a Fourth Amendment theory. Doc. 27 at 3-7. The trouble with this theory is that "there is no such thing as 'Fourth Amendment malicious prosecution.'" *Stone v. Wright*, 734 F. App'x 989, 989 (7th Cir. 2018) (citing *Manuel v. City of Joliet*, 137 S. Ct. 911, 917-20 (2017)); *see also Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018) ("There is no such thing as a constitutional right not to be prosecuted without probable cause.") (alteration and internal quotation marks omitted), *petition for cert. filed*, No. 18-1093 (U.S. Feb. 22, 2019). Had Seymour been *detained* without probable cause, she might have had a Fourth Amendment claim, but because she alleges only that she was *investigated* without probable cause, she fails to state a claim. *See Lewis v. City of Chicago*, 914 F.3d 472, 479-80 (7th Cir. 2019) (distinguishing between the nonexistent "constitutional tort of malicious prosecution" and the "plain-vanilla Fourth Amendment claim" for a violation of the "right not to be held in custody without probable cause") (internal quotation marks omitted); *Manuel*, 903 F.3d at 670 ("[T]he [Fourth Amendment] wrong is the detention rather than the existence of criminal charges … ."). Seymour's Fourth Amendment claim is therefore dismissed.

### C. State Law Claims Against Lopez and the Village

The complaint—correctly, given that the parties are not diverse—premises jurisdiction over Seymour's state law claims on 28 U.S.C. § 1367(a). Doc. 1 at ¶ 1. Section 1367(c)(3) provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original

jurisdiction." 28 U.S.C. § 1367(c)(3). "As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pend[e]nt state claims." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *see also Dietchweiler ex rel. Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016) (same). That general rule has three exceptions: "when the [refiling] of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim is to be decided." *Williams*, 509 F.3d at 404; *see also RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 480 (7th Cir. 2012).

None of the exceptions apply here. First, if this court relinquishes supplemental jurisdiction over the state law claims, Illinois law would give Seymour one year to refile those claims in state court if their limitations period(s) expired while the case was pending here. *See Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 515 (7th Cir. 2009) (citing 735 ILCS 5/13-217); *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008) (same). Second, as this case is at the pleading stage, substantial federal judicial resources have not yet been committed to the state law claims. And third, it is not clearly apparent how the state law claims will be resolved. Given all this, relinquishing jurisdiction over the state law claims is the appropriate course under § 1367(c)(3). *See Dietchweiler*, 827 F.3d at 631; *RWJ Mgmt. Co.*, 672 F.3d at 479-82.

**Conclusion**

The Village's Rule 12(b)(1) motion is denied, Lopez's Rule 12(b)(6) motion is granted as to Seymour's federal claims and denied without prejudice as to her state law claims, and the court relinquishes supplemental jurisdiction over her state law claims under 28 U.S.C. § 1367(c)(3). The dismissal is without prejudice to Seymour filing an amended complaint that repleads all her claims. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*,

786 F.3d 510, 519 (7th Cir. 2015) ("Ordinarily, … a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed."). Seymour has until April 26, 2019 to file an amended complaint. If she does not do so, the dismissal of the federal claims will convert automatically to a dismissal with prejudice, and the court will enter judgment. If Seymour repleads, Defendants will have until May 17, 2019 to respond to the amended complaint.

April 5, 2019

                                            United States District Judge